UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

BRENNA KELLY-STARKEBAUM, : x
individually and on behalf of all other :
similarly situated; :
:
        Plaintiff, : 1:24-CV-02310-DLC
:
  v. :
:
PAPAYA GAMING LTD. and PAPAYA :
GAMING, INC.; :
:
        Defendants. :
: x

---

## JOINT STIPULATION AND [PROPOSED] ORDER EXTENDING TIME TO ANSWER

**WHEREAS**, on March 27, 2024, Plaintiff Brenna Kelly-Starkebaum ("**Plaintiff**") filed the Complaint in the above-captioned litigation (the "**Litigation**") against Papaya Gaming, Ltd. and Papaya Gaming, Inc. (collectively, "**Papaya**");

**WHEREAS**, on April 8, 2024, Papaya, by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 4(d), waived service of the summons and complaint on Papaya Gaming, Ltd. (an Israeli corporation) and Papaya Gaming, Inc. (a Delaware corporation);

**WHEREAS**, pursuant to the executed waivers of service, Papaya Gaming, Ltd. is due to respond to the Complaint by June 27, 2024, and Papaya Gaming, Inc. is due to respond to the Complaint by May 28, 2024;

**WHEREAS**, the undersigned parties have conferred regarding service and scheduling.

**IT IS HEREBY STIPULATED AND AGREED**, by the parties hereto, through their undersigned counsel, as follows:

1. Papaya's waiver of service is limited to the above-captioned litigation and should not be construed as an agreement by Papaya to waive the service requirements in any other litigation.

2. Papaya does not waive any other rights, objections, defenses, or claims, including the right to challenge personal and subject matter jurisdiction and venue, and the right to enforce any applicable dispute resolution provisions. Nor does Plaintiff waive any other rights, objections, arguments, or claims concerning those issues, except as set forth in the following paragraphs. Similarly, other than as set forth herein, this Stipulation does not prejudice any other positions that Plaintiff or Papaya may take later in this Litigation.

3. Plaintiff agrees that she will not argue that waiver of service or negotiation of this Stipulation supports personal jurisdiction over Papaya. Papaya will not object to or challenge personal jurisdiction on the basis of any argument that Plaintiff has failed to serve a summons or to file a waiver of service as required under Federal Rules of Civil Procedure 4(k)(1) and (2). Papaya shall retain the right to object to or challenge personal jurisdiction on any other basis.

4. In the interest of party and judicial efficiency, the parties agree to extend the deadline for Papaya Gaming, Inc. to answer, move, or otherwise respond to the Complaint to June 27, 2024.

5. The foregoing stipulation shall only affect Papaya Gaming, Inc.'s deadline to respond to the Complaint. Papaya Gaming, Ltd.'s deadline to respond to the Complaint shall remain June 27, 2024.

6. The parties agree that service of all other papers in this action will be complete by filing them with the court's ECF system or by sending to the undersigned attorneys of record via electronic mail.

DATED: April 18, 2024

By: /s/ Matthew S. Tripolitsiotis
Matthew S. Tripolitsiotis
BURNS CHAREST LLP
757 Third Ave, 20th Floor
New York, New York 10017
Tel: 469.895.5269
mtripolitsiotis@burnscharest.com

*Counsel for Plaintiff and the Proposed Class*

By: /s/ Anthony J. Dreyer
Anthony J. Dreyer
Michael W. McTigue Jr.
Meredith C. Slawe
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3097
Fax: (917) 777-3097
anthony.dreyer@skadden.com
michael.mctigue@skadden.com
meredith.slawe@skadden.com

*Counsel for Papaya Gaming Ltd. and Papaya Gaming, Inc.*

**SO ORDERED:**

_____
HONORABLE DENISE L. COTE
United States District Judge

April 18, 2024